UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

L.C. COHEN,

                Plaintiff,

-against-

ERIC H. HOLDER, JR.; HARVEY G. LAPPIN;
DUDLEY TERRELL; MICHAEL BORECKY;
ROBERT BEAUDOUIN; MICHAEL GROWSE;
MARIA F. MARRERO; S. ROSE; M. SMITH;
K. MANSON-WALKER; D. BUTTS; MR. PACE;
MR. GARCIA; JOSEPH ARCHER; MARVIN
PITT; CLARISSA OLDHAM; JASON
CHILDRESS; D. HAYES; G. ZICKEFOOSE;
N. AUSCH; FEDERAL BUREAU OF PRISONS;
METROPOLITAN DETENTION CENTER
BROOKLYN; FEDERAL MEDICAL CENTER
LEXINGTON,

                Defendants.
-----------------------------------------------------------x

11-CV-0003 (ARR) (LB)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

<u>MEMORANDUM AND ORDER</u>

ROSS, United States District Judge:

        Plaintiff, L.C. Cohen, incarcerated at the Metropolitan Detention Center ("MDC") at the time of filing this complaint and now incarcerated at the Dalby Correctional Institution in Texas, brings this <u>pro se</u> action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241, alleging violations of his constitutional rights by federal agencies and employees.[1] The court construes plaintiff's complaint as brought principally under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's claims against

---

[1] Plaintiff initially filed this complaint in the United States District Court for the Southern District of New York. By order dated December 23, 2010, the case was transferred to this court.

1

defendants Eric H. Holder, Jr., Attorney General of the United States; Harvey G. Lappin, Director of the Federal Bureau of Prisons; the Federal Bureau of Prisons; Metropolitan Detention Center; the Federal Medical Center in Lexington, Kentucky; Michael Growse; Maria Marrero; Marvin Pitt; Clarissa Oldham; and Jason Childress are dismissed. Plaintiff is directed to file an amended complaint as to the remaining MDC defendants within thirty (30) days of the date of this order, as set forth below.

## BACKGROUND

Plaintiff alleges that while incarcerated at MDC and the Federal Medical Center in Lexington, Kentucky ("FMC-LK"), he was denied medical care. Specifically, plaintiff alleges that defendants: MDC, FMC-LK, the Federal Bureau of Prisons, Borecky, Beaudouin, Growse, and Marrero refused to allow plaintiff to have surgery for a ventral hernia, joint impingement on both shoulders, gall bladder polyp, cataracts, spinal stenosis of his left wrist, and a deviated septum. Complaint at 3. Moreover, plaintiff alleges that defendant Rose refused plaintiff an x-ray. Id.

Plaintiff further alleges that defendants, Smith, Walkers, Butts, Pace, Garcia, Archer, Pitt, Oldham, and Childress denied him, inter alia, access to the prison law library. Id. at 3-4. Plaintiff also states that defendant Hayes took his legal documents and destroyed them. Id. at 4. In addition, plaintiff alleges, inter alia, that defendants Zickefoose and Ausch refused to accommodate plaintiff's religious needs by providing him with a prayer shawl, matzoh, and challah bread. Id. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner

2

seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The court construes plaintiff's pro se pleadings particularly liberally because they allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

A Bivens claim is a judicially created cause of action that authorizes a plaintiff to recover money damages from federal actors who have deprived him of constitutional rights. See Bivens, 403 U.S. 388; Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007). In most instances, Bivens claims are analogous to, and governed by the same standards as, § 1983 claims brought against state actors. Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006) (noting that a Bivens action is the federal analogue to claims against state actors brought under § 1983); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated Section 1983 law into Bivens actions.").

### Defendants Holder and Lappin

A Bivens action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Ashcroft v. Iqbal, __ U.S. __, 129

3

S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Here, plaintiff fails to allege any facts to support a claim that defendants Holder and Lappin had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Thus, the complaint is dismissed as to Eric H. Holder, Jr., Attorney General of the United States, and Harvey G. Lappin, Director of the Federal Bureau of Prisons, pursuant to 28 U.S.C. § 1915A(b).

**Defendants BOP, MDC, FMC-LK**

An action against a federal agency or federal officers in their official capacities is treated as a suit against the United States. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, suits against federal agencies such as the BOP, MDC and FMC-LK and officers in their official capacities are barred under the doctrine of sovereign immunity. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Absent a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies of the United States. See Fed. Deposit Ins. Corp, 510 U.S. at 475. Moreover, it is the plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver the court lacks jurisdiction. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Therefore, to the extent plaintiff asserts constitutional claims against the BOP, MDC or FMC-LK, or the individual defendants in their official capacities, the court does not have subject

matter jurisdiction over these claims, and they are dismissed pursuant to 28 U.S.C. § 1915A(b). See Robinson, 21 F.3d at 510; Thomas v. Metro. Corr. Ctr., No. 09 Civ. 1769, 2010 WL 2507041, at *5 (S.D.N.Y. June 21, 2010).

**Venue**

Title 28 of the United States Code, Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, the proper venue for plaintiff's claims against defendants Michael Growse, Maria F. Marrero, Marvin Pitt, Clarissa Oldham, and Jason Childress, employees of the Federal Medical Center, located in Lexington, Kentucky, is the United States District Court for the Eastern District of Kentucky. See 28 U.S.C. § 97(a). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). Accordingly, this case is hereby transferred to the United States District Court for the Eastern District of Kentucky. This court offers no opinion on the merits of the transferred claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

matter jurisdiction over these claims, and they are dismissed pursuant to 28 U.S.C. § 1915A(b). See Robinson, 21 F.3d at 510; Thomas v. Metro. Corr. Ctr., No. 09 Civ. 1769, 2010 WL 2507041, at *5 (S.D.N.Y. June 21, 2010).

**Venue**

Title 28 of the United States Code, Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, the proper venue for plaintiff's claims against defendants Michael Growse, Maria F. Marrero, Marvin Pitt, Clarissa Oldham, and Jason Childress, employees of the Federal Medical Center, located in Lexington, Kentucky, is the United States District Court for the Eastern District of Kentucky. See 28 U.S.C. § 97(a). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). Accordingly, this case is hereby transferred to the United States District Court for the Eastern District of Kentucky. This court offers no opinion on the merits of the transferred claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

### Leave to Amend

Plaintiff is hereby directed to file an amended complaint within thirty (30) days of the date of this order to clarify his claims against the remaining MDC defendants. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Specifically, plaintiff must provide the dates and a brief description for each alleged civil rights violation by the MDC defendants that he names in the amended complaint. The amended complaint should be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

### CONCLUSION

Accordingly, it is hereby:

ORDERED that plaintiff's claims against Eric H. Holder, Jr., Attorney General of the United States; Harvey G. Lappin, Director of the Federal Bureau of Prisons; the Federal Bureau of Prisons; Metropolitan Detention Center; and the Federal Medical Center-Lexington, Kentucky are dismissed. See 28 U.S.C. § 1915A(b).

ORDERED that plaintiff's claims against individual defendants Michael Growse; Maria F. Marrero, Marvin Pitt, Clarissa Oldham and Jason Childress are transferred to the United States District Court for the Eastern District of Kentucky. See 28 U.S.C. § 1406(a).

ORDERED that plaintiff shall file an amended complaint in this court within thirty (30) days of the date of this order, as detailed above.

ORDERED that the case is referred to United States Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: March 1, 2011
      Brooklyn, New York

SERVICE LIST:

<u>Pro Se Plaintiff</u>
L.C. Cohen
# 29789-008
Dalby CI
805 North Avenue F.
Post, TX 79356-9304