UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-CV-00087-KKC

LESLIE CHARLES COHEN                                                                     PLAINTIFF

VS:             **AMENDED MEMORANDUM OPINION AND ORDER**

MICHAEL GROWSE, *et al.*                                                              DEFENDANTS

      This action was commenced when a federal court in New York transferred to this district certain claims which *pro se* Plaintiff Leslie Charles Cohen originally asserted in a federal civil rights action he filed in New York.[1] As the transfer of some of Cohen's civil claims to this district has now been effectuated, and as this action has been opened, the Court considers several matters, including Cohen's pending motion for *in forma pauperis* status, [R. 1]

      Because Cohen alleged in his Complaint [R. 2] only that the defendants located in this district denied him medical treatment *in the past*; because Cohen does not allege that he is under *imminent* danger of serious physical injury, as required by 28 U.S.C. § 1915(g); and because Cohen's previous filings in this Court and other federal courts refute any possible argument that he could be asserting a claim of *imminent* danger of serious physical injury, the Court will deny Cohen's pending motion to proceed *in forma pauperis*, [R. 1]. The Court will require Cohen to pay the $350.00 filing fee, in full, within thirty days of the date of entry of this Order, or risk dismissal for failure to prosecute. If the case is dismissed for failure to prosecute, the Court will

---

[1] Cohen is currently incarcerated in Dalby Federal Correctional Institution ("FCI-Dalby") located in Post, Texas. Although Cohen identifies himself as "L. C." Cohen, the "Inmate Locator" feature of the Bureau of Prisons ("BOP") website identifies him as "Leslie Charles" Cohen. *See* www.bop.gov. The Clerk of the Court will be directed to amend Cohen's name in the CM/ECF docket sheet to match the BOP's official designation.

nevertheless assess the $350.00 filing fee against Cohen under applicable Sixth Circuit case law.

## PROCEDURAL HISTORY

On November 2, 2010, Cohen filed a *pro se* civil rights Complaint in the United States District Court for the Southern District of New York, asserting claims under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Seeking money damages, Cohen alleged that the defendants, federal agencies and officials, violated his constitutional rights.[2] Cohen's Complaint was then transferred to the United States District Court for the Eastern District of New York. *See Cohen v. Holder*, No. 10-CIV-8957 (E. D. N. Y) ("the Eastern District of New York").

On March 1, 2011, the Eastern District of New York dismissed Cohen's *Bivens* claims on the merits against Holder, Lappin, the BOP; the MDC, and FMC-Lexington dismissed on the merits Cohens' official capacity *Bivens* claims against all of the individually named federal defendants; transferred Cohen's individual-capacity *Bivens* claims against the FMC-Lexington Defendants to this Court because of venue considerations set forth in 28 U.S.C. § 1391(b); severed Cohen's individual-capacity *Bivens* claims against the thirteen defendants employed at the MDC, ordering that they remain pending in that action; and directed Cohen to file an Amended Complaint providing more details about his claims against the thirteen defendants

---

[2] Cohen named as defendants Eric H. Holder, Jr., Attorney General of the United States; Harvey G. Lappin, Director of the Federal Bureau of Prisons ("BOP"); the BOP; the Metropolitan Detention Center-Brooklyn, located in Brooklyn, New York ("the MDC"); thirteen individually named employees of the MDC; the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"); and the five following employees of FMC-Lexington, whom the Court will collectively refer to as "the FMC-Lexington Defendants:" (1) Michael Growse; (2) Maria Marrero; (3) Marvin Pitt; (4) Clarissa Oldham; and (5) Jason Childress.

employed at the MDC. *See* Order, [R. 7].[3]

As for claims against the FMC-Lexington Defendants which were transferred here, Cohen alleged that for over two years, Drs. Growse and Marrero refused to authorize surgery for his ventral hernia, joint impingement of both shoulders, gall bladder polyp, cataracts, spinal stenosis of his left wrist, and a deviated septum, [R. 2, p. 3]. He alleges that Defendants Pitt, Oldham, and Childress denied him access to the prison law library at FMC-Lexington. *Id*. at pp.3-4.

## DISCUSSION
### 1. Cohen's Prior Strikes Under 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915(g) prohibits prisoners from proceeding in forma pauperis when they abuse their pauper status by filing meritless successive lawsuits concerning prison conditions. That statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Public Electronic Access to Public Records ("PACER") database website compiles information concerning civil actions filed in all federal courts. According to PACER, at least three of Cohen's prior civil rights actions, set forth below, have been dismissed for failure to state

---

[3] In that Order, the Eastern District of New York also granted Cohen's handwritten, one-page motion to proceed *in forma pauperis*. [*Id*., p. 1]. Despite that fact, Cohen's motion is currently listed in this Court's CM/ECF system as a "pending" motion, most likely because the Eastern District of New York failed to specifically state in the "Conclusion" section of its Order that it was granting Cohen's motion docketed as R. 1. Regardless of this administrative issue, Cohen was granted pauper status <u>only</u> in the Eastern District of New York proceeding.

a claim, either on initial screening or at the summary judgment stage:

(1) <u>Strike One</u>: *Cohen v. United States*, No. 2:95-CV-00079-ROS (D. Ariz.) (January 30, 1996, R. 34 & 35) (adopting Report and Recommendation to grant defendants' motion for summary judgment);

(2) <u>Strike Two</u>: *Cohen v. Syme*, No. 2:03-CV-01058-FJM (D. Ariz.) (October 9, 2003, R. 14 & 15)(dismissing Complaint for failure to state a claim § 1915(e)(2));

(3) <u>Strike Three</u>: *Cohen v. Dewalt*, No. 5:08-CV-00288-JBC (E.D. Ky) (October 6, 2008, R. 10 & 11,) (denying motion for preliminary injunction; affirmed on appeal on February 26, 2010, finding Cohen had failed to state a claim for relief in his motion, *see* R. 19).

As Cohen has accumulated at least three "strikes" within the meaning of § 1915(g), he cannot proceed with this civil action without prepayment of the $350.00 filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." *See* § 1915(g). The Court will now examine the transferred claims pertaining to the FMC-Lexington Defendants to determine whether Cohen has alleged imminent danger of serious physical injury and can thereby proceed *in forma pauperis* in this action.

## 2. **Analysis of Claims Under § 1915(g)'s Exception**

As a preliminary matter, the Eastern District of New York's decision to grant Cohen pauper status is not binding on this Court. With all due respect to that extremely busy district court, Cohen's November 2, 2010, motion to proceed *in forma pauperis* was completely inadequate; Cohen neither used any type of court-approved form, nor provided his inmate account information as required by 28 U.S.C. § 1915. Prisoner-plaintiffs must submit their

4

inmate trust fund account statement for the preceding six-month period if they wish to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2). Thus, it is unclear on what grounds the Eastern District of New York granted Cohen's motion to proceed *in forma pauperis*, as it neither calculated and assessed an initial filing fee, nor directed the payment of additional partial filing fees in accordance with § 1915(b). Finally, it does not appear that the Eastern District of New York examined whether the "Three Strikes" provision of 28 U.S.C. § 1915(g) applied to Cohen.

This action involves facts, claims, and parties separate and distinct from Cohen's other claims which remain are pending in the Eastern District of New York. This Court will independently determine whether Cohen is entitled to proceed *in forma pauperis* in this proceeding. *See Nyenekor v. Dragovich*, No. 91-CV-0426, 1991 WL 17816, at *1 (E.D. Pa. February 11, 1991), where the court granted the plaintiff temporary pauper status for the purpose of filing his civil rights action in that court, but transferred the case to the Western District of Pennsylvania without prejudice to the transferee court's authority to consider the plaintiff's motion to proceed *in forma pauperis* and possible dismissal under § 1915.

### A. Claims Against Dr. Marrero and Dr. Growse

In his November 2010 Complaint, Cohen alleged that while he was confined at FMC-Lexington, Drs. Marerro and Growse denied him adequate medical treatment. However, he did not allege that he faces *imminent* danger of serious physical injury, which is the standard under § 1915(g). Section § 1915(g)'s exception focuses on the risk of future injury, not on whether the inmate deserves a remedy for *past* misconduct. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Although the BOP has since

5

transferred Cohen numerous times, and although those transfers have created venue problems in the numerous federal cases Cohen has filed, this much is clear: Cohen has not been confined in FMC-Lexington since at least January of 2010.

On November 23, 2009, Cohen filed a hybrid *Bivens* civil rights action and 28 U.S. C. § 2241 petition in United States District Court for the District of Columbia, which was then transferred to this Court on January 13, 2010. *See Cohen v. Holder*, 5:10-CV-00012-KKC (E.D. Ky) ("the November 23, 2009 Action"). In his November 23, 2009 Complaint, Cohen alleged that for a year and half prior to that date, dating back to 2007, and during the years of 2008 and 2009, Dr. Marrero and Dr. Growse had been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by refusing to authorize surgery for his ventral hernia condition, described as an abdominal wall disruption; the joint impingement of both of his shoulders, his gall bladder polyp, and numerous other alleged medical conditions. *See* November 23, 2009 Action, 10-CV-12-KKC; Complaint, R. 1, p. 4-7.

By Order dated January 26, 2010, this Court transferred the November 23, 2009 Action to the United States District Court for the Western District of Pennsylvania at Johnstown ("the Western District of Pennsylvania"), because by that time Cohen had been transferred to the Moshannon Valley Correctional Center located in Philipsburg, Pennsylvania. [*Id.*, R. 10].

On February 16, 2010, the Western District of Pennsylvania dismissed the November 23, 2009 Action without prejudice, finding that although Cohen had entitled his original filing as a § 2241 petition, he was in fact attempting to assert *Bivens* civil rights claims, which could not be brought in a § 2241 petition. *See Cohen v. Holder*, 3:10-CV-00035-KRG (W.D. Pa.) [R. 20].

The district court in Pennsylvania clearly explained that the dismissal was without prejudice to Cohen filing a civil rights action with respect to his claims against Drs. Marrero and Growse. *Id*.

Cohen waited until almost nine months, until November 2, 2010, to file this *Bivens* action against Drs. Marrero and Growse. The Eighth Amendment claims which Cohen asserted against Dr. Marrero and Dr. Growse in the November 23, 2009 Action (briefly transferred to this Court in 10-CV-12-KKC), are essentially the same Eighth Amendment medical claims he asserts in the Complaint in this action. In both Complaints, Cohen alleged that Dr. Marrero and Dr. Growse refused to properly treat his ventral hernia condition; his joint impingement of his shoulders; and his gall bladder polyp condition.

In order to fall under the imminent danger exception of § 1915(g), a prisoner must be in imminent danger *at the time he files suit in district court*, not at the time of the alleged incident which is the basis for the complaint. *Tucker v. Ludwick*, No. 09-CV-13247, 2009 WL 2713950, at*2 (E.D. Mich. August 26, 2009). In choosing the word "imminent," Congress intended to convey the sense of immediacy or something on the point of happening, not an event which transpired in the past. *Censke v. Smith*, No.1:07-CV-00691, 2007 WL 2594539 at *3 (W.D. Mich. September 4, 2007).

By the time Cohen filed the November 2009 Complaint, he had been aware of many of his medical claims for *two years*. Shortly thereafter, the District Court in Western District of Pennsylvania informed Cohen on February 16, 2010, that he could file a new action asserting his Eighth Amendment medical claims against Drs. Marerro and Growse. However, Cohen did

not rush to file another action. Instead he waited almost nine months, until November 2, 2010, to file the current *Bivens* action in the Eastern District of New York. By the time, Cohen had been aware of most of his medical claims for *three years*.

By Cohen's own admission, his medical claims against Drs. Marrero and Growse date back to 2007, 2008 and 2009. Therefore, they do not constitute grounds alleging *imminent* danger of serious physical injury, *i.e.*, a claim alleging injury that will occur in the future. A prisoner's claims of past danger is insufficient to invoke the exception. *Wallace v. Strength*, No. CV 108-009, 2008 WL 2097146, at *3 (S. D. Ga. May 16, 2008) (finding that prisoner's numerous complaints about the conditions of his confinement dating back to 1996 did constitute "imminent danger" when he filed his lawsuit on January 14, 2008). Simply put, Cohen's claims against Drs. Marrero and Growse consists of claims of *past* danger, not imminent danger.

The additional claims presented in the matter before this Court – failure to treat cataracts, spinal stenosis of his left wrist, and a deviated septum – have not arisen sufficiently recently to constitute *imminent* danger of serious physical injury, *i.e.*, an injury that will occur in the future.

Because Cohen knew of his medical claims against Drs. Marrero and Growse dating back to 2007, 2008, and 2009, but waited so long to assert them, he clearly did not view them as being of an "imminent" nature, requiring immediate redress.[4] For that reason, the Court is unable to conclude that Cohen has alleged that he is under "imminent" danger of serious physical injury

---

[4] Cohen is scheduled from release from BOP custody on May 2, 2011, less than two months from now. *See* www.bop/gov, (Inmate Locator Feature). That fact further lessens the possibility that he is facing "imminent danger" as to any his alleged pre-existing medical conditions.

8

as to his medical claims against Drs. Marrero and Growse.

Further, in his recent November 2, 2010 Complaint, Cohen complained about numerous non-medical issues, which the Eastern District of New York has since instructed Cohen to describe with more specificity. Cohen's complaints about these issues suggest that his main concern was not his physical well-being, but instead, other issues such as whether he had access to the law library.

Cohen is free to pursue his Eighth Amendment medical claims, but he may not proceed *in forma pauperis* in this action. He must pay the $350.00 filing fee, in full.

### B. Claims Against Pitt, Oldham, and Childress

Cohen alleges that Defendants Pitt, Oldham, and Childress violated his First Amendment right of access to the courts by allegedly denying him access to the prison law library at FMC-Lexington.

Even if Cohen's allegations are true, denial of access to a prison law library does not create an imminent danger of serious physical injury as required under § 1915(g). *Brown v. Curry* No. C 07-05770, 2008 WL 1931309, at *1 (N. D. Cal. May 1, 2008) (holding that denial of prisoner's access to the law library did not put him at risk of imminent danger of serious physical injury); *Williams v. Louisiana*, No. 07-0602, 2007 WL 1747010, at *2-3 (E. D. La. May 7, 2007) (holding that the prisoner could not proceed under either § 1915(g) or the mandamus statute as to his non-medical claims alleging the denial of access to law library and other administrative requests for phone access, pens, postage stamps, paper and envelopes). Courts have generally required an Eighth Amendment violation in order to satisfy the 'imminent danger'

9

exception of § 1915(g). *See, e.g.*, *Taylor v. Blessing*, No. 08-610, 2009 WL 425927, at *2 (S.D. Ill. Feb.20, 2009). Moreover, Cohen's First Amendment claims against Pitt, Oldham, and Childress allege at best *past* events or *past* alleged wrong-doing, not facts under which Cohen could possibly be subjected to imminent danger of serious physical injury under § 1915(g).

### 3. Obligation to Pay $350.00 Filing Fee

Finally, Cohen will not be relieved of the filing fee obligation even if this action is summarily dismissed for non-payment of the filing fee. *In re Alea*, 286 F.3d 378 (6th Cir. 2002). In *Alea*, the Sixth Circuit held that dismissal of an action under § 1915(g) for failure to pay the filing fee does not negate or nullify the prisoner's continuing obligation to pay the fee in full. *Id*. at 381. The Court explained that "not requiring the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints - thus taking much valuable time away from other non-frivolous litigation - without any consequence beyond their mere dismissal under § 1915(g)." *Id*. at 382.

The Sixth Circuit further explained that "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." *Id*., at 381; *see also Perryman v. Graves*, 3:10mc00109, 2010 WL 4237921, at *4 (M. D. Tenn., October 20, 2010) (warning prisoner that full filing fee would be assessed even if action is dismissed under §1915(g)); *Bostic v. Blum*, 3:10mc00034, 2010 WL 1424975 at *2 (M. D. Tenn., April 8, 2010) (same). Thus, even if Cohen fails to pay the filing fee and this case is dismissed for want of prosecution, he will not be relieved of the obligation to pay the filing fee, which will be assessed against him.

In summary, Cohen has failed to allege that with respect to any of his claims, he is under imminent danger of serious physical injury as defined by § 1915(g). His pending motion to proceed *in forma pauperis* will be denied, and he must pay the entire $350.00 filing fee, within thirty days of the entry of this Order, or risk dismissal of this action for failure to prosecute. If the case is dismissed for this reason, Cohen will still be assessed the $350.00 filing fee.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to modify the CM/ECF cover sheet to reflect that the Plaintiff's name is "Leslie Charles Cohen."

(2) Cohen's pending motion to proceed *in forma pauperis*, [R. 1], is **DENIED**;

(3) If Cohen intends to proceed further in this action, he must pay the $350.00 filing fee to the Clerk of this Court within thirty (30) days from the date of entry of this Order. If he fails to pay the full $350.00 filing fee within the specified time, the Court will dismiss the case for failure to prosecute.

(4) If this case is dismissed for failure to prosecute, it will not be reinstated to the active docket even if Cohen subsequently pays the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

(5) If this case is dismissed for want of prosecution, Cohen will not be relieved of the obligation to pay the filing fee, which will be assessed against him. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002);

(6) The Court may bar future civil filings by Cohen unless they are accompanied by

the full amount of the filing fee.

(7) Upon either the payment of the $350.00 filing fee or the expiration of the specified thirty-day period, the Clerk of the Court is directed to submit the record.

Dated this 14th day of March, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge